# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CALVERNE LYKE, JR.**, | ) |
| Petitioner, | ) Case No. 7:06CV00058 |
| v. | ) **OPINION** |
| **UNITED STATES OF AMERICA**, | ) By: James P. Jones |
| Respondent. | ) Chief United States District Judge |

*Calverne Lyke, Jr., Petitioner Pro Se; Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States of America.*

Calverne Lyke, Jr., a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). The government filed a response and Lyke replied, making the matter ripe for disposition. After review of the record, I find that Lyke's motion must be dismissed.

I

Lyke was charged in a three-count indictment in this court alleging that he possessed with intent to distribute and distributed oxycodone, a Schedule II controlled substance (Count I); possessed a firearm in furtherance of a drug trafficking offense (Count II); and possessed five firearms while being an unlawful user of a controlled substance (Count III). On December 29, 2003, Lyke pleaded guilty to Counts I and II, pursuant to a written plea agreement, stipulating that a base offense level of 32 applied to his conduct, based on the weight of drugs involved. (Plea Agreement ("P.A.") at ¶3.) As part of his plea agreement, Lyke also waived his

right to appeal and his right to bring a collateral attack on his conviction or sentence, pursuant to § 2255. (*Id.* at ¶¶ 10-11.) On April 9, 2004, the petitioner was sentenced to a combined sentence of 168 months imprisonment, consisting of 108 months on Count I and 60 months on Count II, to run consecutively. Lyke did not appeal.

Lyke signed and dated the present motion under § 2255 on January 10, 2006. In the motion, Lyke contends that (a) his sentence enhancement was based on facts not found by a jury or stipulated in the plea agreement, (b) his guilty plea and waiver of rights are invalid because he was under the influence of prescription drugs at the time he entered the plea and counsel induced him to plead by promising him sentencing reductions, and (c) he is entitled to an out-of-time appeal or § 2255 because counsel and prosecutor promised to "file something" on Lyke's behalf within a year of sentencing.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

-2-

>     newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para 6. Under § 2255 para. 6(1), a defendant's conviction becomes final when the defendant's opportunity to appeal the district court's judgment expires. *United States v. Clay*, 537 U.S. 522, 525 (2003).

Equitable tolling of the limitation period is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances prevented him from filing a timely petition. *See Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. *See Harris*, 209 F.3d at 330.

### III

Lyke's conviction became final no later than May 18, 2004, ten days after a second amendment was made to the final judgment order entered on April 9, 2004. *See* Fed. R. App. P. 4(b)(1). Thus, Lyke had until on or about May 18, 2005, to file

-3-

Case 7:06-cv-00058-JPJ-mfu   Document 11   Filed 06/23/06   Page 3 of 8   Pageid#: 179

a timely § 2255 motion. As stated, Lyke filed his current motion on or about January 10, 2006, almost eight months late. Therefore, I find it to be untimely under § 2255 para. 6(1).

Lyke argues that the limitation period should be equitably tolled in his case because his attorney promised for a year after final judgment that "something would be filed" on his behalf in order to secure a sentence reduction pursuant to Fed. R. Crim. P. 35(b), for Lyke's assistance to law enforcement authorities. Lyke submits an affidavit from his parents, indicating that they met with counsel after sentencing about filing some type of action to seek relief under *Blakely v. Washington*, 542 U.S. 296 (2004), and to move for a substantial assistance motion. He also submits undated letters purportedly written to counsel during the year after sentencing, asking if counsel will file something on his behalf. Counsel denies that he ever promised to file a § 2255 motion raising *Blakely* claims because he did not believe the decision applied retroactively to cases, such as Lyke's, that were already final. Counsel also denies promising to file any motion for substantial assistance, because such motions can only be made by the government. Lyke now claims that in reliance on counsel's "promise," he did not file a § 2255 motion himself within that year.

I must reject this argument for equitable tolling because it directly contradicts Lyke's statements under oath at the guilty plea hearing. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn

-4-

Case 7:06-cv-00058-JPJ-mfu   Document 11   Filed 06/23/06   Page 4 of 8   Pageid#: 180

statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005). If the court determines that petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. *Id.* at 220 (internal quotations and citations omitted).

During his plea hearing, Lyke told the court that he fully understood the provisions in his plea agreement whereby he waived his right to file an appeal or a collateral attack under § 2255. (Tr. 12.) The plea agreement's waiver provision also stated that if Lyke filed an appeal or a post-conviction motion seeking to disturb the judgment, such a motion would be considered a failure to comply with plea agreement conditions and the United States could pursue its remedies for breach. (P.A. at ¶¶ 10-11.) These remedies included termination of the defendant's opportunity to earn a substantial assistance motion for sentence reduction. (*Id.* at ¶ 19.) In the face of Lyke's sworn testimony that he understood his plea agreement and its waivers and Lyke's alleged desire to receive a substantial assistance motion, I find it patently incredible that Lyke believed counsel would be filing an appeal or a § 2255 motion on his behalf. Therefore, I find no ground here warranting equitable tolling.[1]

Lyke also argues that his § 2255 motion is timely because it was filed within one year of the date on which the Supreme Court of the United States issued its

---

[1] There is no constitutional right to counsel in bringing a § 2255 action. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Accordingly, Lyke's alternative argument of ineffective assistance in § 2255 proceedings cannot warrant invocation of equitable tolling. *See also Harris*, 209 F.3d at 330 (holding that counsel's miscalculation of limitation period does not provide ground for equitable tolling).

opinion in *United States v. Booker*, 125 S. Ct. 738 (January 12, 2005). In *Booker*, the Court extended the rule in *Blakely* to invalidate the United States Sentencing Guidelines in part. The United States Court of Appeals for the Fourth Circuit has held that the rule stated in *Booker* does not apply retroactively to cases on collateral review. *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005); *see also United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (citing other cases holding *Booker* not retroactive). Because Lyke's conviction became final before *Booker*, that decision does not afford him any legal ground for relief under § 2255 and does not render such claims timely filed.

Based on the foregoing, I find that Lyke fails to demonstrate any reason that his claims regarding the validity of the guilty plea or complaints about his sentence should be deemed timely filed or any ground on which he is entitled to equitable tolling of the filing period. I will dismiss all such claims as untimely, pursuant to § 2255 para. 6(1).[2]

---

[2] Even if these claims were timely, Lyke would not be entitled to relief because he entered a valid waiver of his right to bring these claims under § 2255. He told the court under oath that his medication did not affect his ability to understand his plea agreement or the rights he was waiving (Tr. 12-29-03 at 5-7) and his behavior during the hearing offered no indication that he was unable to understand the proceedings. Any slight confusion he may have expressed over the elements of the charges against him were resolved before the end of the plea hearing. (*Id.* at 18-22.) He assured the court that he understood the charges and the plea agreement and wished to plead guilty. (*Id.* at 22.) He also told the court that no one had promised him anything outside that written agreement in exchange for his guilty plea. (*Id.* at 12-13.) Lyke's current attacks on the validity of his plea and waiver are directly contradictory of statements he made during the guilty plea hearing. Therefore, I find that these claims are waived. *Lemaster*, 403 F.3d at 221-22.

-6-

## IV

Moreover, Lyke fails to demonstrate that he is entitled to relief on the merits of his claim that the government failed to file a motion for a downward departure under Rule 35 (b). Lyke alleges that he provided assistance to federal and state law enforcement agents and the Assistant United States Attorney, giving them names, dates, places and specific illegal transactions related to ongoing criminal proceedings. Lyke agreed to wear a "wire" for several months, first at the New River Regional Jail and then at the Bristol City Jail to aid in law enforcement surveillance efforts against defendants awaiting trial. According to Lyke, without his assistance, the government's case-in-chief would have been fruitless. Lyke now claims that the agents, the AUSA, and his own attorney promised him that he was guaranteed a motion for downward departure based on his assistance to authorities.

I find that Lyke's claim is patently incredible, as it directly contradicts the written plea agreement and his statements to the court during the plea hearing. The plea agreement expressly states, "I understand that even if I fully cooperate with law enforcement, the United States is under no obligation to make a motion for the reduction of my sentence." (P.A. at ¶ 16.) Lyke affirmed to the court that he understood the provisions of the plea agreement and that no one had promised him anything outside the written plea agreement that had caused him to plead guilty. (Tr. 12-13.) Lyke offers absolutely no reason that his current statements about oral promises outside the plea agreement should be credited as true in the face of his earlier statements under oath that no such promises had caused him to enter the plea.

-7-

Case 7:06-cv-00058-JPJ-mfu   Document 11   Filed 06/23/06   Page 7 of 8   Pageid#: 183

Moreover, the decision to make a Rule 35(b) motion for sentence reduction based on a defendant's substantial assistance rests entirely within the discretion of the prosecutor's office. *United States v. Butler,* 272 F.3d 683, 686 (4th Cir. 2001). A district court has authority to review a prosecutor's refusal to file a substantial assistance motion and grant a remedy only if the defendant makes an adequate showing that the refusal was based on an unconstitutional motive or was not related to any legitimate governmental purpose. *Id.* Lyke makes no such showing here. For these reasons, I will dismiss the motion as to Lyke's claim that he is entitled to a Rule 35(b) motion for substantial assistance.

A separate Final Order will be entered herewith.

DATED: June 23, 2006

/s/ James P. Jones
Chief United States District Judge

-8-

Case 7:06-cv-00058-JPJ-mfu   Document 11   Filed 06/23/06   Page 8 of 8   Pageid#: 184